UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60034-CIV-MARRA/HOPKINS

BERARDO A. VALDES,

Plaintiff,

vs.

FISHER SAFETY,

Defendant.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss or, Alternatively,

Motion for a More Definite Statement (DE 8).  The motion is fully briefed and ripe for review.

The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On January 9, 2012, Plaintiff Berardo Valdes ("Plaintiff") filed a pro se Complaint

against Defendant Fisher Safety ("Defendant") alleging violations of the Americans with

Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967

("ADEA").  Plaintiff's Complaint states, "I was dismissed while under disability without any

offers to accommodate me after over 10 attempts directly with HR Depts."  (Compl. at II, DE 1)[1]

Attached to the Complaint is an intake questionnaire from the United States Equal Employment

Opportunity Commission and a Charge of Discrimination from the Pennsylvania Human

_____

[1] Plaintiff's Complaint was prepared using a form provided by the Court to pro se litigants, entitled "Complaint under the Civil Rights Act, 42 U.S.C. § 1983."  Neither the Complaint nor the Civil Cover Sheet indicates that Plaintiff seeks to bring any claims under section 1983.

Relations Commission. The Charge of Discrimination states that Plaintiff was hired by Defendant on February 14, 2005.  In August of 2010, Plaintiff requested an accommodation of working from home, which was denied.  Defendant discharged Plaintiff on or about February 28, 2011.  Plaintiff alleges that Duane Talhouk, the vice-president of sales, stated to George Himmes, the regional vice-president, to "Get rid of the old man. . . use numbers to do it."  When Mr. Himmes discharged Plaintiff, he stated that the reason behind the discharge was the lack of sales.  Defendant replaced Plaintiff with a 50 year old man.  (Charge of Discrimination, DE 1.) Plaintiff was born in 1943.  At the time of his discharge, Plaintiff was rehabilitating from a stroke and thalamic pain syndrome. (Intake questionnaire, DE 1.)

Defendant moves to dismiss the Complaint, arguing that Plaintiff fails to allege sufficient facts to support his claim under the ADA.  Defendant also argues the ADEA claim is legally insufficient.  Alternatively, Defendant requests the Court order Plaintiff to provide a more definite statement.  (Mot. at 3-6.)

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

To state a claim under the ADA, a plaintiff must establish that "(1) he is disabled; (2) he was a 'qualified individual' at the relevant time, meaning he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against because of his disability." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) (citing Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000)); see Salser v. Clarke County School District, 802 F. Supp. 2d 1339, 1353 (M.D. Ga. 2011) (same).  The Complaint fails to meet these basic requirements.

First, the Complaint fails to allege a physical or mental impairment that "substantially limits" one or more of Plaintiff's major life activities.  D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1225 (11th Cir. 2005) (citing 42 U.S.C. § 12112(2)).  Indeed, there are no facts to demonstrate Plaintiff's impairment or how that impairment limits a major life activity. See Cooke v. Advanced Fir Protection Svcs., No. 3:08cv527/MCR/MD, 2010 WL 148462, at * 2

(N.D. Fla. Jan. 13, 2010) (failure to allege specifically that the plaintiff's physical impairment substantially limited one or more of major life activities is grounds for dismissal of the complaint). Moreover, the Complaint is devoid of any facts that Plaintiff was qualified to perform his essential job functions with or without a reasonable accommodation. See Cramer v. State of Florida, 117 F.3d 1258, 1264 (11th Cir. 1997) (failure to allege facts showing that the plaintiff is qualified to perform the essential functions of his job requires dismissal of the ADA claim). Finally, it is unclear what is meant by Plaintiff's allegation that he was dismissed "while under disability." An ADA claim of this type requires an allegation that he was discriminated against *because of his disability*. See Thompson v. Bel, No. 8:07-cv-193-T-30MAP, 2007 WL 569858, at * 3 (M.D. Fla. Feb. 20, 2007) (emphasis in original).

In responding to Defendant's motion to dismiss, Plaintiff provides additional facts not alleged in the Complaint, including that all sales managers had declining sales in 2009, he suffered stress from his work environment, he took a leave of absence in 2009 and sought an accommodation from the company's human resources representative to no avail. (Resp. at 2-3.) The Court's scope of review on a motion to dismiss is limited to the four corners of the complaint. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). Thus, the Court cannot consider these new allegations. Even assuming the Court considered these new factual allegations, for the reasons previously stated, they do not provide the necessary factual underpinnings to support an ADA claim. In other words, these facts do not speak to Plaintiff's qualifications to perform his job duties or explain how he was subject to unlawful discrimination. For these reasons, the Court will dismiss the ADA claim, but allow Plaintiff leave to amend the Complaint.

4

Next, the Court will address Plaintiff's ADEA claim.  "The ADEA makes it 'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir.2000) (en banc) (quoting 29 U.S.C. § 623(a)(1)).  A plaintiff alleging disparate treatment in violation of the ADEA "must prove by a preponderance of the evidence (which may be direct or circumstantial) [ ] that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Svcs., 129 S. Ct. 2343, 2350 (2009).  "[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of age is that age was the 'reason' that the employer decided to act." Id.; see Vahey v. Philips Electronics N. Am. Corp., No. 10–15052, 2012 WL 573628, at * 1 (11th Cir. 2012);  Liles v. Stuart Weitzman, LLC, No. 09-61448-CIV, 2010 WL 2490944, at * 3 (S.D. Fla. June 16, 2010).

The Complaint itself does not allege any facts pertaining to an ADEA claim. Plaintiff's response memorandum, as well as the Charge of Discrimination attached to the Complaint, states that Plaintiff's supervisor was told "to get rid of the old man . . . use numbers to do it."[2]  (Resp. at 2; Charge of Discrimination.)  As explained supra, the Court cannot consider facts in the response memorandum. See St. George v. Pinellas County, 285 F.3d at 1337.  In any event, Plaintiff is given leave to amend to provide any and all facts in support of the ADEA claim.

---

[2]  Plaintiff's response states the comment was made in 2008 to Robert Moore, Plaintiff's supervisor.  The Charge of Discrimination, which does not provide a date for the comment, states it was made to George Himmes, the regional vice-president.  The amended complaint should clarify this inconsistency.

5

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or, Alternatively, Motion for a More Definite Statement (DE 8) is **GRANTED IN PART AND DENIED  IN PART AS MOOT**.  The motion to dismiss is granted.  Plaintiff must file an amended complaint **no later than May 15, 2012.**  The motion for a more definite statement is denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd  day of April, 2012.

_____
KENNETH A. MARRA
United States District Judge